## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:05CR163** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **DANIEL LEE WALKER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

The Court has received the Revised Presentence Investigation Report ("PSR") and the Defendant's objections thereto (Filing No. 186). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant objects to ¶¶ 32 (drug quantity), 33 (dangerous weapon enhancement; failure to reduce offense level for the safety valve); and 39 (acceptance of responsibility). The objections are discussed below.

### *¶ 32 - Drug Quantity*

The Defendant objects to the drug quantity and base offense level 28 reflected in ¶ 32, arguing that the Rule 11(c)(1)(C) plea agreement states that the drug quantity for which Mr. Walker should be held accountable is at least 50 grams but less than 200 grams of a mixture or substance containing methamphetamine, resulting in base offense level 26.

Absent unusual circumstances, the Court intends to abide by the plea agreement. The Court's tentative finding is that the objection is granted.

#### ¶ 33 - Dangerous Weapon Enhancement

The Rule 11(c)(1)(C) plea agreement provides that the Defendant should not receive a 2-level enhancement for possession of a firearm.  The PSR includes a 2-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.

Absent unusual circumstances, the Court intends to abide by the plea agreement. The Court's tentative finding is that the objection is granted.

#### ¶ 33 - Safety Valve

The Defendant argues that ¶ 33 should include a downward adjustment pursuant to U.S.S.G. § 2D1.1(b)(7) for the safety valve.  If the Court in fact honors the plea agreement with respect to the lack of an enhancement for possession of a firearm, this objection will be discussed at sentencing.

#### ¶ 39 - Acceptance of Responsibility

The plea agreement provides in ¶ 2b that the Defendant shall be awarded a "two-level" reduction for acceptance of responsibility.  The PSR awarded a 2-level reduction for the reasons stated in ¶ 39.  The Defendant now argues that he should receive a 3-level reduction for acceptance of responsibility.

The objection is denied, and the Defendant is awarded a two-level adjustment for acceptance of responsibility.

IT IS ORDERED:

1. The Defendant's Objections to the Revised Presentence Investigation Report (Filing No. 186) are granted and denied in part, as follows:

   a. The objections to ¶¶ 32 (drug quantity) and ¶ 33 (firearm enhancement) are granted;

   b. The objection to ¶ 39 (acceptance of responsibility) is denied;

2. The Defendant's objection to the lack of a downward adjustment in ¶ 33 for the safety valve will be discussed at sentencing;

3. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

5. Absent submission of the information required by paragraph 4 of this Order, my tentative findings may become final; and

6. Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

  DATED this 25th day of April, 2006.

             BY THE COURT:

             s/Laurie Smith Camp
             United States District Judge